# IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF WEST VIRGINIA

**ADEWALE OGUNYALE,**

      **Plaintiff,**

v.                                              **Civil Action No. 2:07cv52**
                                                       **(Judge Maxwell)**

**WARDEN ESPRAZA, DR. WATERS,
DOMINIC GUTIERREZ, SR., HEALTH
ADMINISTRATOR BRESCOACH AND
JANE AND JOHN DOES,**

      **Defendants.**

## ORDER REGARDING PRELIMINARY REVIEW AND SERVICE OF PROCESS

On July 9, 2007, the *pro se* plaintiff, a federal inmate, initiated this case by filing a civil rights action against the above-named defendants. In the complaint, the plaintiff asserts that the defendants have violated his Eighth Amendment right to be free from cruel and unusual punishment by being deliberately indifferent to his serious medical needs. In addition, the plaintiff asserts that the defendants failure to appropriately treat him is based, at least in part, on his race. From the complaint, it appears that the plaintiff has exhausted his administrative remedies. As relief, the plaintiff seeks proper medical care, the costs of this action, and all other relief the Court deems necessary and just.

Pursuant to LR PL P 83.02, et seq., the undersigned is required to conduct a preliminary review of the complaint to determine whether the plaintiff's claims are frivolous, malicious, or fail to state a claim. Having made such a review, the undersigned finds that summary dismissal of the complaint is not warranted at this time and that the defendant should be made to file an answer. However, the undersigned notes that the plaintiff has paid the required filing fee and has not requested permission to proceed as a pauper. Therefore, the plaintiff is not entitled to court ordered

service of process by the United States Marshal Service. Instead, the plaintiff is responsible for obtaining service of process on his own, and in doing so, should be aware of the following requirements of Rule 4(m) of the Federal Rules of Civil Procedure:

> **Summons: Time Limit for Service.** If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period. This subdivision does not apply to service in a foreign country pursuant to subdivision (f) or (j)(1).

The plaintiff's complaint was filed on July 9, 2007. Therefore, the defendant must be served on or before November 6, 2007. Accordingly, the **Clerk** is directed to issue **60 day** summonses for the named defendants and the United States Attorney for the Northern District of West Virginia and the Attorney General of the United States and forward those forms to the plaintiff. The plaintiff shall effect service of process upon those parties and timely provide the Court with certification of service by filing documents which reflect proper, completed service upon each party. The failure to provide proof of proper service for a particular party, or the failure to show good cause for the failure to effect service within the time allotted, could result in the dismissal of this case as to the non-served party without prejudice.

IT IS SO ORDERED.

The Clerk shall mail a copy of this Order, and the issued summonses, to the *pro se* plaintiff.

DATED: July 17, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE