IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

**ADEWALE OGUNYALE,**

      **Plaintiff,**

**v.**                                                  Civil Action No. 2:07cv52
                                                            (Judge Maxwell)

**WARDEN ESPRAZA, DR. WATERS,
DOMINIC GUTIERREZ, SR., HEALTH
ADMINISTRATOR BRESCOACH AND
JANE AND JOHN DOES,**

      **Defendants.**

## ORDER DENYING MOTION FOR CONSOLIDATED RESPONSE TIME

The *pro se* plaintiff initiated this case on July 9, 2007, by filing a civil rights complaint against the above-named defendants. On July 16, 2007, the plaintiff paid the required filing fee. Because the plaintiff is not proceeding as a pauper, on July 18, 2007, the undersigned issued an Order advising the plaintiff that he is not entitled to court ordered service of process and that he must comply with the service requirements of Rule 4(m) of the Federal Rules of Civil Procedure. Moreover, because the undersigned determined that the plaintiff's claims were not subject to summary dismissal at that time, the Clerk was directed to issue summonses for the defendants and forward the issued summonses to the plaintiff. The Clerk did so that same day.

On August 6, 2007, the plaintiff filed what purports to be proof of service upon the individual defendants. In addition, the plaintiff asserts that he sent copies of the summons and complaint to the United States Attorney for the Northern District of West Virginia and the Attorney

General of the United States by certified mail, return receipt requested.[1] Plaintiff asserts that he will file the signed green cards with the Court after they are received. According to the documents filed by the plaintiff, each of the defendants was served on July 30, 2007.

On August 9, 2007, the United States Attorney for the Northern District of West Virginia filed a Motion for Consolidated Response Date. In the motion, the United States Attorney's Office states that it is appearing specially, without waiving any defenses, requesting a consolidated date by which the defendants must answer or otherwise plead to the complaint. More specifically, the United States Attorney seeks 60 days from the date upon which proper service is effected upon the United States and all other defendants to file a response to the complaint. In addition, the United States Attorney states that it received copies of the complaint on August 2, 2007 and that the Court's docket shows only that the plaintiff "may have attempted to serve the individual defendants in an unorthodox manner on or about July 30, 2007." The United States Attorney's Office is currently attempting to "determine the status of service on the individual defendants."

Pursuant to Rule 12(a)(3)(B) of the Federal Rules of Civil Procedures, "[a]n officer or employee of the United States sued in an individual capacity for acts or omissions occurring in connection with the performance of duties on behalf of the United States shall serve an answer to the complaint or cross-claim – or a reply to a counterclaim – within 60 days after service on the officer or employee, or service on the United States attorney, *whichever is later*." (Emphasis added). According to the plaintiff, service was executed upon the individual defendants on July 30, 2007. Moreover, the United States Attorney's Office has stated that it received a copy of the plaintiff's complaint on August 2, 2007. Therefore, pursuant to Rule 12, and the record currently before the

---

[1] The plaintiff's complaint alleges a cause of action against federal employees under Bivens v. Six Unknown Named Agents of the Fed. Bureau of Narcotics, 403 U.S. 389 (1971).

Court, all of the defendants are required to file an answer within 60 days from August 2, 2007. Thus, the defendants already have a consolidated response date and the Motion to Consolidate (dckt. 12) is **DENIED** as **MOOT**. To the extent that the United States Attorney actually argues that service of process was not properly effected upon the individual defendants, that issue should be raised separately, by proper motion.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: August 14, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE