IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

ADEWALE OGUNYALE,

        **Plaintiff,**

v.                                         Civil Action No. 2:07cv52
                                             (Judge Maxwell)

**WARDEN ESPARZA, et al.,**

        **Defendants.**

## ORDER DENYING PLAINTIFF'S MOTION TO AMEND

The plaintiff initiated this case as a civil rights action on July 9, 2007. On October 9, 2007, the defendants filed a Motion to Dismiss, or Alternatively, Motion for Summary Judgment. On November 9, 2007, the plaintiff filed a cross Motion for Summary Judgment. This case is now before the Court on the plaintiff's Motion for Leave to File an Amended Complaint.

In the motion, the plaintiff asserts that on November 7, 2007, the defendants retaliated against him for filing this case by setting his community confinement date back 65 days. Therefore, the plaintiff would like to amend or supplement his complaint to contain this claim of retaliation.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, once a responsive pleading has been filed, a party may amend its pleading only by leave of the Court. However, leave to amend "shall be freely given when justice so requires." Fed.R.Civ.P. 15(a). In addition, "upon reasonable notice and upon such terms as are just," supplemental pleadings may be filed at any time with the permission of the Court. Fed.R.Civ.P. 15(d). Supplemental pleadings generally "set forth transactions or occurrences or events which have happened since the date of the pleading sought to be supplemented." Id.

In this case, the plaintiff wishes to add claims that have occurred since the filing of this action. Thus, the appropriate manner in which to add those claims is through a supplemental pleading. However, although the plaintiff's additional retaliation claim is related to the filing of this case, it is separate and distinct from the claims raised in the complaint.[1] Moreover, prior to this Court having jurisdiction over the plaintiff's new claim, the Prison Litigation Reform Act requires that the supplemental claim be administratively exhausted. See 42 U.S.C. 1997e(a); Porter v. Nussle, 534 U.S. 516, 532 (2002). As the event giving rise to the new claim occurred on November 7, 2007, only three weeks ago, it is impossible for the plaintiff to have fully and completely exhausted his claim in that time period. See 28 C.F.R. 542.10, et seq.

Accordingly, the plaintiff's Motion for Leave to File an Amended Complaint, construed as a Motion to Supplement (dckt. 26), is **DENIED without prejudice** to the plaintiff's right to raise his new claim of retaliation in a separate action after the exhaustion of administrative remedies.

IT IS SO ORDERED.

The Clerk is directed to mail a copy of this Order to the *pro se* plaintiff.

DATED: November 29, 2007.

/s *John S. Kaull*
JOHN S. KAULL
UNITED STATES MAGISTRATE JUDGE

---

[1] In the complaint, the plaintiff alleges a claim of retaliation. However, that claim is based on the defendants actions in providing his medical treatment and in their responses to his administrative remedies, events occurring prior to the filing of this case.